104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James R. HENRY, Petitioner,
v.
TENNESSEE VALLEY AUTHORITY, Respondent.
 No. 96-3171.
 United States Court of Appeals, Federal Circuit.
 Dec. 17, 1996.
 
 Before RICH, NEWMAN, and RADER, Circuit Judges.
 NEWMAN, Circuit Judge.
 
 
 1
 James R. Henry appeals the final decision[1] of the Merit Systems Protection Board, Docket No. SL0752950256-I-1, dismissing his appeal for lack of jurisdiction. Because the Board properly concluded that Mr. Henry did not establish that his resignation was involuntary, we affirm the Board's decision.
 
 BACKGROUND
 
 2
 Mr. Henry was employed by the Tennessee Valley Authority (TVA) as a Communications Specialist-Graphics in the Chattanooga, Tennessee printshop of the TVA's Facilities Services Organization. July 15, 1993 was the deadline for acceptance of a voluntary RIF retirement, with special incentives. Early on July 15 Mr. Henry had experienced a panic attack and was taken to Memorial Hospital in Chattanooga where he was treated by Dr. Charles C. Adams. Dr. Adams noted that Mr. Henry was "concerned about job issues and deadlines. I have informed him that I do not feel that he is presently competent to make any major decisions." Due to his hospitalization, the TVA granted Mr. Henry an extension to make a decision on his RIF. Meanwhile, a clinical psychologist at TVA Medical Services found that Mr. Henry was fit for duty, having conducted a clinical review on July 14. The decision was based in part on July 13 letters from Mr. Henry's psychologist Dr. Meyer, that Mr. Henry had "shown no signs of a thought disorder or of a loss of impulse control over the last year or so," and from Mr. Henry's psychiatrist, Dr. Hendrick, whose opinion was that Mr. Henry was "fit for work."
 
 
 3
 Mr. Henry did not accept the extension offered by the TVA, and later in the day on July 15, Mr. Henry contacted TVA Human Resources Manager Ricky B. Kennedy and told him that he was prepared to sign the RIF agreement. That evening Mr. Henry signed the voluntary RIF application, entitling him to a bonus and medical and retirement benefits. Mr. Kennedy told Mr. Henry that if he had second thoughts, he would destroy the application if contacted the next day. Mr. Henry did not have second thoughts. He left his TVA employment under the voluntary RIF on August 15, 1993.
 
 DECISION
 
 4
 We reverse a decision of the Board only if it was arbitrary, capricious, an abuse of discretion, or unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Cheesman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 Mr. Henry argues that the Board erred in finding that Mr. Henry was mentally competent on the evening of July 15, 1993 when he signed the RIF agreement. Mr. Henry points out that earlier that day he experienced a panic attack, and that Dr. Adams' report is direct medical evidence of his incompetence. The government responds that Mr. Kennedy, who was present at the signing of the agreement, testified that Mr. Henry held a rational and intelligent conversation with him in negotiating the terms of the RIF. Mr. Henry did not tell Mr. Kennedy that he had reservations about his competence to execute the agreement, nor did he appear to regret the decision he made. Further, the government points out that Mr. Henry had ample time to consider his decision and could have rescinded the agreement the next day.
 
 
 6
 The Board concluded that there was no "competent medical evidence" to corroborate Mr. Henry's allegation that he was mentally incompetent at the time that he retired. We must agree, for the Board correctly observed that Mr. Henry had adequate time to consider his options, which included remaining employed. The record does not show reversible error in the Board's conclusion that involuntariness was not established.
 
 
 
 [1]
 The initial decision of September 18, 1995 became final on February 6, 1996 when the full Board denied Mr. Henry's petition for review